## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANNA KOSINSKI, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| RECEIVABLES PERFORMANCE | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Anna Kosinski, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") and Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FCRA and FDCPA, and to recover damages for Defendant's violations of the FCRA and FDCPA, and alleges:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) of the FDCPA, 15 U.S.C. § 1681(p) of the FCRA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because Defendant transacts substantial business here.

## PARTIES

3.      Plaintiff, Anna Kosinski, ("Plaintiff") is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt. Plaintiff is a consumer as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

4.      Defendant, Receivables Performance Management, LLC, ("Defendant") is a Washington corporation that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  In fact, Defendant was acting as a debt collector, as that term is defined in the FDCPA, as to the alleged delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant maintains a registered agent within the State of Illinois and conducts extensive and substantial business in Illinois.  (Exhibit A, Record from Illinois Secretary of State).

6.      Defendant is licensed as a debt collection agency in the State of Illinois. (Exhibit B, Record from the Illinois Division of Professional Regulation). In fact, Defendant acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7.      Plaintiff contracted with T-Mobile to provide her with cellular telephone service for personal use ("Account").

8.      Plaintiff thereafter timely cancelled her service in December, 2011, before her contract was set to expire, and owed no money to T-Mobile after she made her last payment to T-Mobile in the amount of $94.13 on February 14, 2012.

9.      After she had already timely cancelled said service, T-Mobile nonetheless continued to bill Plaintiff for service that it was no longer providing.

10.      T-Mobile thereafter considered Plaintiff's Account to be in default, and asserted that Plaintiff owed a past due balance in the amount of $89.00. Plaintiff thus incurred a debt as that term is defined by §1692a(5) of the FDCPA ("alleged debt").

11.     Subsequently, the alleged debt was assigned, consigned, or placed with Defendant for the purpose of collection from the Plaintiff.

12.     In May, 2012, Defendant caused a tradeline to be reported on Plaintiff's Experian, Equifax, and TransUnion credit reports stating that Plaintiff owes an $89.00 balance on the alleged debt. (Exhibit C, Excerpt from Plaintiff's August 19, 2012 Three-Bureau credit report showing Defendant's tradeline reported in the amount of $89.00).

13.     Credit reporting by a debt collector constitutes an attempt to collect a debt. See, e.g., *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms"). Debt collectors frequently will harm, or threaten to harm, the consumer's credit as a cost effective way to coerce payment of a small debt.

14.     At the time Defendant was causing the alleged debt to be reported on Plaintiff's credit reports, damaging Plaintiff's credit, Plaintiff did not owe the alleged debt, and owed no money to T-Mobile.

15.     On or around August 21, 2012, Plaintiff initiated a reinvestigation of the tradeline reported for the alleged debt by sending a written communication to the Equifax credit reporting bureau stating that she did not owe the money being sought by Defendant. (Exhibit D, Letter sent by Plaintiff dated August 21, 2012 requesting reinvestigation of the alleged debt reported by Equifax).

16.     During the course of the investigation that was performed by Equifax as the result of the reinvestigation request initiated by Plaintiff and received by Equifax, Equifax forwarded to Defendant all relevant information regarding the dispute of the

alleged debt that Plaintiff had provided to Equifax, and thus Defendant received notice of the dispute from Equifax.

17. During the course of the investigation initiated by Plaintiff, Defendant received a Consumer Dispute Verification Form ("CDV") from Equifax, regarding Plaintiff's alleged debt that was being reported to and by Equifax.

18. In response to the CDV that it received from the Equifax credit reporting agency, Defendant purported to conduct an investigation of Plaintiff's dispute within 30 days of its receipt of the dispute form.

19. Defendant, through its employees that participated in investigating Plaintiff's dispute and completing the CDV, falsely verified to the Equifax credit reporting agency that the debt was being reported correctly. (Exhibit E, Letter from Equifax showing reinvestigation results).

20. Defendant, through its employees that participated in investigating Plaintiff's dispute and completing the CDV, falsely verified to the Equifax credit reporting agency that Plaintiff owed $89.00 to T-Mobile.

21. Defendant misrepresented the truth and reported false credit information when it verified to the Equifax credit reporting agency that Plaintiff owed $89.00 to T-Mobile, thereby further damaging Plaintiff's creditworthiness.

22. Any reasonable investigation by Defendant as to the accuracy of the alleged debt being reported would have revealed that Plaintiff did not owe T-Mobile $89.00.

23. Defendant did not perform a reasonable investigation of Plaintiff's dispute, and did not consider information reasonably available to it when it "verified" to the Equifax credit reporting agency that Plaintiff owed T-Mobile $89.00.

24. Thereafter, on September 20, 2012, Plaintiff had a telephone conversation with an agent or employee of Defendant, that was made in connection with the collection of the alleged debt, wherein Defendant's employee or agent told Plaintiff that a letter would be sent to her regarding the alleged debt.

25. The conversation was the "initial communication" with Plaintiff in connection with the collection of the alleged debt.

26. Section 1692g provides:

**§ 1692g. Validation of debts**

**(a) Notice of debt; contents. <u>Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt communication or the consumer has paid the debt, send the consumer a written notice</u> containing—**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the**

**current creditor. . . .**

15 U.S.C §1692g (emphasis added).

27.     Defendant did not send Plaintiff a written notice, within 5 days of its initial communication with Plaintiff in connection with the collection of the alleged debt, that contains the information required by 15 U.S.C §1692g of the FDCPA.

28.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## <u>COUNT I-VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *et seq.*</u>

29.     Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-28 above as if fully set forth herein.

30.     Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), by failing to conduct a reasonable investigation after the Equifax credit reporting bureau contacted Defendant in response to Plaintiff's dispute, by falsely verifying that Plaintiff owed $89.00 to T-Mobile, and by verifying that it was correctly reporting the tradeline relating to the alleged debt.

31.     Defendant committed such violations willfully or negligently, thereby violating 15 U.S.C. § 1681n or  § 1681o.

WHEREFORE, Plaintiff, Anna Kosinski, respectfully requests that judgment be entered against Defendant for the following:

a.      Appropriate actual, punitive, and statutory damages;

b.      Plaintiff's attorney fees, litigation expenses and costs of suit;

c.      Any other relief deemed appropriate by this Honorable Court.

## COUNT II-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.

32.     Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-31 above as if fully set forth herein.

33.     Defendant's violations of the FDCPA include, but are not limited to:

A.     Defendant violated §1692e by misrepresenting to the Equifax, Experian, and TransUnion credit reporting agencies, as well as to all those individuals that viewed Plaintiff's credit reports within the last year, that Plaintiff owed a debt that she did not owe;

B.     Defendant violated §1692e by deceptively causing Equifax, Experian, and TransUnion to report a debt Plaintiff did not owe;

C.     Defendant violated §1692e(2) when it falsely and deceptively misrepresented the amount of the alleged debt to the Equifax, Experian, and TransUnion credit reporting agencies, which caused false information about the alleged debt to appear on Plaintiff's credit report;

D.     Defendant violated §1692e(8) by communicating false credit information to Equifax, Experian, and TransUnion regarding Plaintiff's alleged debt;

E.     Defendant violated §1692f by misrepresenting to the Equifax Experian, and TransUnion credit reporting agencies, as well as all to all those that viewed Plaintiff's Equifax, Experian, and TransUnion credit reports within the last year, that Plaintiff owed a debt that she did not owe;

F.     Defendant violated §1692f by deceptively causing Equifax, Experian, and TransUnion to report a tradeline for a debt Plaintiff did not owe;

G.     Defendant violated §1692f(1) by attempting to collect an amount of money from the Plaintiff that was not authorized by the agreement creating the alleged debt, or permitted by law;

H.     Defendant violated §1692g by failing to send Plaintiff a notice of her right to obtain verification of the alleged debt, within 5 days of its initial communication with Plaintiff that was in connection with the collection of the alleged debt;

34.     As a result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages, including but not limited to emotional distress and loss of credit, and is thus entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

WHEREFORE, Plaintiff,  Anna Kosinski, respectfully requests that judgment be entered against Defendant for the following:

a.      Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

b.      Actual damages;

c.      Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

d.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By:  s/ Mario Kris Kasalo
Mario Kris Kasalo

**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, Illinois 60602
Tele 312- 726-6160
Fax  312-698-5054
mario.kasalo@kasalolaw.com